**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FEB 2 6 1998

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

EVANGELINA ULANOFF,                    §

        Plaintiff,

VS.                                    §        CIVIL ACTION NO.
                                                SA-97-CA-534 OG
MARVIN T. RUNYON,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,          §


        Defendants.                    §


                    MEDIATION ORDER


        The Court has reviewed the status of this case and is of the
opinion that said cause is appropriate for mediation.  The Court
has been notified that the parties have selected, by agreement, a
mediator for this case.  The Court will therefore refer the case to
mediation under the supervision of that mediator.

        Mediation is a mandatory but non-binding settlement conference
in which the parties try to resolve their differences with the
assistance of a third-party mediator.  All proceedings in a
mediation session are confidential and privileged from discovery.
No subpoena, summons, or other process shall be served at or near
the location of any mediation session, upon any person entering,
leaving, or attending any mediation session.  The Court refers this
case to mediation under the direction of BARRY A. McCLENAHAN, 70
N.E. Loop 410, #550, Renaissance Plaza, San Antonio, Texas 78216
(210) 366-1500.

        In the event that a conflict of interest exists between the



appointed mediator and any of the named parties, the mediator is requested to promptly notify the Court of that conflict, and the Court will appoint another mediator.

Within ten (10) business days of the date of this Order, all counsel must contact the mediator listed above to arange the time and place for the mediation.  The parties should agree on a mediation date on or before March 13, 1998. If no agreed date can be scheduled within that period, then the mediator will select a date on or before March 27, 1998, and the parties shall appear as directed by the mediator.

Each party and its counsel will be bound by the rules governing submission of cases to alternative dispute resolution, see W.D. Tex. R. CV-88, and shall timely complete and return as directed to the mediator any information forms as are furnished by the mediator.

Each party who is a natural person must be present during the entire mediation process.  Each party that is not a natural person must be represented by a principal, partner, or officer with authority and discretion to negotiate a settlement.  If one or more insurance companies must be involved in the settlement of this case, a representative from each insurance company with authority and discretion to negotiate a settlement shall be present during the entire mediation process.

The parties shall make independent arrangements for the payment of fees for the mediation.  The costs of mediation are to be divided and borne equally by the parties unless otherwise agreed

2

or ordered.

Following the mediation, the mediator will advise the Court only that the case did or did not settle.  No other information concerning the mediation may be given to the Court by the mediator or any other party.

Counsel and the parties shall proceed in a good faith effort to resolve this case through mediation.  Referral to alternative dispute resolution is not a substitute for trial, and the case will be tried if the parties cannot reach a settlement.  Furthermore, submission of this case to mediation does not stay any deadlines established in the scheduling order or by other order of this Court unless expressly provided therein.  Accordingly,

IT IS ORDERED THAT this case is REFERRED TO MEDIATION in accordance with the above provisions;  and

IT IS FURTHER ORDERED that the District Clerk shall transmit to the mediator, whose address is set forth above, a copy of the docket sheets for this cause.

SIGNED and ENTERED this _____ day of _____, 1998.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE